UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLY, et al., | No. 2:22-cv-01525-TLN-CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| SHARIF TARPIN, et al., | |
| Defendants. | |

Plaintiff, who proceeds in this action without counsel, has moved for the undersigned to recuse. (ECF No. 9.)  Plaintiff's recusal motion is insufficient, and is denied.

**Legal Standard**

Federal law allows a judge to recuse from a matter based on a question of partiality:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. 455(a), (b)(1).  A party may seek recusal of a judge based on bias or prejudice:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding . . . The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

1

1  28 U.S.C. § 144.  Relief under Section 144 is conditioned upon the filing of a timely and legally
2  sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further
3  under Section 144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144;
4  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Nevertheless, where the affidavit lacks
5  sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal.
6  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World
7  Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal
8  sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to
9  another judge)); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995)
10 (if the affidavit is legally insufficient, then recusal can be denied).
11         The standard for legal sufficiency under Sections 144 and 455 is "'whether a reasonable
12 person with knowledge of all the facts would conclude that the judge's impartiality might
13 reasonably be questioned.'"  Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting
14 United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)); United States v. Studley, 783 F.2d
15 934, 939 (9th Cir. 1986).  To provide adequate grounds for recusal, the prejudice must result from
16 an extrajudicial source.  Sibla, 624 F.2d 864, 867.  A judge's previous adverse ruling alone is not
17 sufficient for recusal.  Nelson, 718 F.2d at 321.
18         **Analysis**
19         Plaintiff's motion for recusal in this case is substantively insufficient, as it alleges bias,
20 prejudice and impartiality based solely on a previous ruling, or rulings, against plaintiff.  (See
21 ECF No. 9.)  It fails to allege facts to support a contention that the undersigned has exhibited bias
22 or prejudice directed towards plaintiff from an extrajudicial source.  Sibla, 624 F.2d at 868.  Thus,
23 plaintiff does not provide a basis for recusal and the motion must be denied.  Liteky v. United
24 States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis
25 for a bias or partiality motion."); id. ("In and of themselves . . . [judicial rulings] cannot possibly
26 show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the
27 degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost
28 invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d

1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

## ORDER

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to recuse (ECF No. 9) is DENIED to the extent plaintiff requests recusal of the undersigned.

Dated: September 26, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Conerly22cv1525.rec.den

3