UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLY, JAMES CONERLY, and MARYLIN Y. TILLMAN-CONERLY,<br><br>Plaintiffs,<br><br>v.<br><br>SHARIF TARPIN, et al.,<br><br>Defendants. | No. 2:22-cv-01525-TLN-CKD PS<br><br><br><br>ORDER |

Plaintiffs Carina Conerly, James Conerly, and Marylin Y. Tillman Conerly[1] proceed pro se with claims pleaded in a fee-paid complaint filed on August 30, 2022. (ECF No. 1.) Several matters are before the court. As set forth below, the court will vacate the hearing set for November 16, 2022.

**Motions to Dismiss (ECF Nos. 12, 15)**

In separate motions filed on October 4, 2022, several defendants moved to dismiss the complaint. (ECF No. 12, Motion to Dismiss by Michelle Cooksey, Heron School, Kerry House,

---

[1] Plaintiffs, as non-lawyers, have not established that they can represent the fourth listed plaintiff, M.T., a minor. The general rule is that a parent cannot bring a pro se lawsuit on behalf of a minor. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.").

Natomas Unified School District and Stephanie Schulzkump; ECF No. 15, Motion to Dismiss by Melissa Clark, Timothy Hammons, Regency Park Elementary School and Twin Rivers Unified School District.) The October 4, 2022 motions to dismiss are fully briefed. (See ECF No. 26, 32, 33.) These motions to dismiss were set for a hearing to take place on November 16, 2022. (ECF No. 19, 20.)[2]

On the court's own motion, the hearing on the motions to dismiss currently calendared for November 16, 2022 will be vacated and these matters taken under submission without appearance and argument pursuant to Local Rule 230(g). If the court subsequently concludes that oral argument or supplemental briefing is necessary or would be helpful, the parties will be notified accordingly.

**Motion to Appoint Counsel (ECF No. 27)**

Plaintiff Conerly filed a motion to appoint counsel. It is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

**Motion to Proceed In Forma Pauperis (ECF No. 28)**

On October 26, 2022, plaintiff Conerly filed an application to proceed without prepayment of fees or costs. The filing fee for this case was paid. Therefore, the motion to proceed in forma pauperis is moot and will be denied on that basis.

**Motion for Default Judgment (ECF No. 29)**

On October 26, 2022, plaintiffs filed a motion for default judgment as to defendants Sharif Tarpin, Kiana Turner and Veda Lymose. The motion as filed is deficient. First, the motion for

---

[2] Further motions to dismiss were filed by other defendants and are currently set for hearings to take place on subsequent dates. (See ECF No. 25, 31.) Those motions are not yet fully briefed. The court does not, at this time, take those other matters under submission.

default judgment was not noticed in compliance with Local Rule 230(b). Second, the motion for default judgment is procedurally improper because plaintiffs did not seek a clerk's entry of default prior to filing the motion for default judgment. See Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment). The motion for default judgment will be summarily denied as procedurally improper.

**Orders**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Sua sponte, the court VACATES the November 16, 2022 hearing on defendants' October 4, 2022 motions to dismiss.

2. Plaintiff Conerly's motion to appoint counsel (ECF No. 27) is DENIED.

3. Plaintiff Conerly's motion to proceed in forma pauperis (ECF No. 28) is DENIED as MOOT.

4. Plaintiffs' motion for default judgment (ECF No. 29) is summarily DENIED as procedurally improper.

Dated: November 10, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Conerly22cv1525.31misc