UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLY, et al., | No. 2:22-cv-1525-TLN-CKD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SHARIF TARPIN, et al., | (ECF Nos. 12, 15, 25, 30, 31) |
| Defendants. | |

Plaintiffs Carina Conerly, James Conerly, and Marilyn Y. Tillman Conerly[1] proceed pro se with this civil action. (ECF No. 1.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Several motions filed by the defendants are before the court. (ECF Nos. 12, 15, 25, 30, 31.)

**I. Procedural Background**

Plaintiffs filed a fee-paid complaint on August 30, 2022. (ECF No. 1.)

On October 4, 2022, defendants Michelle Cooksey, Heron School, Kerry House, Natomas Unified School District, and Stephanie Schulzkump ("Heron defendants") filed a motion to dismiss. (ECF No. 12.) The motion is fully briefed with plaintiffs' opposition and defendants' reply. (ECF Nos. 26, 32.)

---

[1] Plaintiffs, as non-lawyers, cannot represent the fourth listed plaintiff, M.T., a minor. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

1

On October 4, 2022, defendants Melissa Clark, Timothy Hammons, Regency Park Elementary School, and Twin Rivers Unified School District ("Regency Park defendants") filed a motion to dismiss. (ECF No. 15.) The motion is fully briefed with plaintiffs' opposition and defendants' reply. (ECF Nos. 26, 33.)

On October 26, 2022, defendant Kara Ueda ("Judge Ueda") filed a motion to dismiss. (ECF No. 25.) The motion is fully briefed with plaintiffs' opposition and defendant's reply. (ECF Nos. 35, 42.)

On October 28, 2022, defendant Enrika Jones filed a motion for a more definite statement. (ECF No. 30.) Plaintiffs opposed the motion in writing[2] and defendant filed a reply. (ECF No. 36, 43.)

On October 31, 2022, defendants Sacramento Police Department ("SPD"), Katherine Lester, Colleen Gray, Alexander Thompson, and Luke Chirbas ("SPD defendants") filed a motion to dismiss. (ECF No. 31.) The motion is fully briefed with plaintiffs' opposition and defendants' reply. (ECF Nos. 36, 44.)

**II.  Legal Standards**

    **A.  Motion for a More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading that is so vague, ambiguous, or indefinite that the party cannot reasonably prepare a response. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005) (Rule 12(e) motions attack "the unintelligibility of the complaint"). A motion under Rule 12(e) "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

The court considers a Rule 12(e) motion in light of the liberal pleading standard set forth in Rule 8, which requires a complaint to "(1) a short and plain statement of the grounds for the court's jurisdiction[;] (2) a short and plain statement of the claim showing that the pleader is

---

[2] The court construes plaintiffs' opposition filed on November 16, 2022 (ECF No. 36) as opposing the motion for a more definite statement. (See ECF No. 36-1 at 3.)

2

entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). A court may "require such detail as may be appropriate in the particular case." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (noting how confusing and unclear complaints impose unfair burdens on litigants and judges); see also Rule 8(d)(1) (requiring each allegation in a complaint be "simple, concise, and direct").

### B. Motion to Dismiss under Rule 12(b)(6)

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## III. Discussion

### A. Allegations in the Complaint

As argued by all the moving defendants in their respective motions, the factual allegations of the complaint are very difficult to discern but clearly arise out of a family law dispute between the plaintiff, Carina Conerly, and defendant, Sharif Tarpin. Conerly and Tarpin are the parents of M.T., a minor.

Tarpin enrolled M.T. at defendant Heron Elementary School ("Heron") for the school year beginning in 2022. (ECF No. 1 at 6.) Conerly, however, had wanted M.T. to attend defendant Regency Park Elementary School ("Regency Park") where she had enrolled M.T. (Id. at 6-7.)

"[B]y way of Judicial Officers," and others, plaintiffs allege various defendants entered into a conspiracy to change Tarpin's physical appearance to aid him in a "false portrayal in public places." (ECF No. 1 at 6.) Other individuals conspired with each other to recruit, solicit, or persuade others to destroy plaintiffs' computers, printers, and other household electronic devices via "many kinds of rays of charges, electricity, electronic attacks," and other means to dissuade plaintiffs from filing civil rights lawsuits. (Id.) Plaintiffs allege all the defendants' actions demonstrated systemic racism. (Id. at 7.)

Various individuals also conspired to fraudulently enroll plaintiff Conerly's daughter into another school rather than the one she was supposed to go to. (ECF No. 1 at 6-7.) Plaintiffs allege the SPD did not assist them when requested on August 15, 2022, but when Tarpin called them on the same day, the SPD responded quickly. (Id. at 7.) Plaintiff Conerly called the SPD again on August 22, 2022, because Tarpin did not drop off M.T. as required by the custody order. (Id. at 15-16.) An attached appendix lists several dates beginning with March 9, 2022, and ending on August 24, 2022, and appears to document instances when Tarpin did not drop off M.T. at court-appointed times and places, among other observations. (Id. at 10-27.)

By way of this action, plaintiffs seek relief from the two schools, school district personnel, law enforcement officers, and a judge, among other individuals. Plaintiffs allege their rights under the Fourteenth Amendment were violated, along with Title 5 of the Code of Federal Regulations, part 8741.[3] (Id. at 8.)

### B. Heron, Regency Park, and SPD Defendants (ECF Nos. 12, 15, 31)

Because they raise many of the same or similar arguments, the court considers the motions to dismiss filed by the Heron defendants, the Regency Park defendants, and the SPD defendants together.

---

[3] There is no such section in the Code of Federal Regulations.

4

1     The Heron and Regency Park defendants assert (1) plaintiffs' complaint is unintelligible and fails to state any factual allegations or a cognizable claim for relief; (2) plaintiffs James Conerly and Marilyn Tillman Conerly lack standing; (3) plaintiff Conerly cannot represent M.T.; and (4) Heron and Regency Park are improper parties to this suit. (ECF Nos. 12, 15.)

The SPD defendants assert (1) plaintiff's complaint fails to state any facts or make any allegations that support a claim for relief; (2) plaintiffs fail to state a claim under the Fourteenth Amendment claim; (3) plaintiffs James and Marilyn Conerly lack standing; and (4) a parent lacks capacity to sue in pro se on behalf of a minor child. (ECF No. 31-1.)

In order to state a claim alleging a violation of due process under the Fourteenth Amendment, plaintiffs must bring an action under 42 U.S.C. § 1983. Their complaint does not do so. But even if the complaint did bring the cause of action under 42 U.S.C. § 1983, the claim would still fail.

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; Monell v. Dep't of Social Servs., 436 U.S. 658, 690-95 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a procedural due process claim, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). To state a substantive due process claim, a plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest" in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)).

////

In the interest of judicial economy, the court addresses the argument most dispositive of plaintiffs' complaint as to these defendants. The complaint fails to state a claim as to any of the Heron defendants, Regency Park defendants, or SPD defendants. Plaintiffs do not allege a life, liberty, or property interest of which they were deprived as necessary to state a procedural or substantive due process claim. Plaintiffs also do not identify a process that was due but which they were denied. Merely stating plaintiffs' due process rights under the Fourteenth Amendment were violated does not suffice to state a claim. See Twombly, 550 U.S. at 555. The complaint must be dismissed because it fails to state a claim against any of the Heron, Regency Park, or SPD defendants.

### C. Judge Ueda (ECF No. 25)

Judge Ueda asserts (1) the complaint fails to demonstrate the court has subject matter jurisdiction; and (2) the complaint fails to state a claim. (ECF No. 25.)

The complaint fails to make any specific factual allegations against Judge Ueda, and therefore fails to state a claim. But even if plaintiffs had alleged facts against Judge Ueda in relation to Judge Ueda having presided over a family law or other related matter, Judge Ueda is immune from suit for such conduct.

Absolute judicial immunity is afforded to judges for acts performed that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). This immunity reflects a long-standing principal for the proper administration of justice that a judicial officer, in exercising the authority vested, shall be free to act without apprehension of personal consequences. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)).

Judge Ueda is entitled to absolute judicial immunity from damages for acts that relate to the judicial process. The complaint also fails to state a claim against Judge Ueda because it does not allege any facts specific to Judge Ueda. Plaintiffs' claims against Judge Ueda must be dismissed.

### D.  Enrika Jones (ECF No. 30)

Defendant Jones asserts plaintiff's complaint is unintelligible and fails to apprise movant of the claims or substance of any claims. (ECF No. 30.) In opposition to the motion, plaintiffs merely set forth the general applicable law for a motion for a more definite statement. (See ECF No. 36-1 at 3.) Plaintiffs' opposition does not respond substantively to defendant Jones' arguments. Neither plaintiffs' complaint nor their opposition to defendant Jones' motion gives any indication why they included defendant Jones in this case.

Plaintiffs' complaint does not allege defendant Jones is a state actor such that any actions she took were under color of state law as required for a claim brought 42 U.S.C. § 1983. The complaint fails to state a claim against defendant Jones. Under the circumstances, where the complaint contains no allegations against defendant Jones, sua sponte dismissal of plaintiffs' claims against defendant Jones is appropriate. See Omar v. Sea–Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (a trial court may dismiss a claim sua sponte under Rule 12(b)(6)); Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (a district court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss).

### IV.  Conclusion

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a pro se litigant's complaint may be dismissed without leave to amend when it is absolutely clear that no amendment can cure the defect. Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995).

Here, it is clear the deficiencies in the complaint cannot be cured through amendment. Plaintiffs and/or plaintiff Conerly have filed numerous other similar lawsuits in this court arising from the same underlying family law dispute which have been dismissed as patently frivolous, for lack of jurisdiction, and for failure to state a claim. See, e.g., Conerly, et al. v. Kaiser Permanente, et al., No. 2:19-cv-2535-JAM-DB; Conerly v. Winn, et al., 2:20-cv-01833-JAM-AC; Conerly v. Yap, et al., No. 2:21-cv-1132-TLN-CKD; Conerly v. Winn, et al., No. 2:21-cv-1076-TLN-JDP;

////

////

Conerly v. Superior Court, No. 2:20-cv-0362-KJM-KJN.[4] Under all the circumstances, it is clear that granting leave to amend would be futile.

### RECOMMENDATIONS

For the reasons set forth above, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 12, 15, 25 and 31) be GRANTED;
2. On the court's own motion, plaintiffs' claims against defendant Jones be DISMISSED;
3. Defendant Jones' motion for a more definite statement (ECF No.30) be DENIED as MOOT;
4. Plaintiffs' complaint be dismissed without leave to amend; and
5. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 19, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Conerly22cv1525.mtd.fr

---

[4] "[A] court may take judicial notice of its own records in other cases[.]" United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

8